[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 05, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16168
Non-Argument Calendar

_____

D. C. Docket No. 02-00399-CV-DF-5

SCOTT LEWIS,

Plaintiff-Appellant,

versus

DEPARTMENT OF TRANSPORTATION, STATE OF GEORGIA,
J. TOM COLEMAN, JR., individually and
in his official capacity as Commissioner
of the Department of Transportation
for the State of Georgia, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 5, 2006)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Scott Lewis, an African-American male, appeals the district court's exclusion of testimony regarding alleged prior discrimination against Lewis and other employees during the jury trial in his failure to promote action, brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 1983. On appeal, Lewis argues that the district court abused its discretion by excluding his testimony and the testimony of other Georgia Department of Transportation ("DOT") employees regarding prior discriminatory conduct of the defendants. Lewis argues that such evidence was admissible under Federal Rule of Evidence 404(b) as evidence of motive and intent.[1]

Upon review of the record and consideration of the parties' briefs, we find no reversible error. The district court did not abuse its discretion in excluding the testimony of Lewis and other DOT employees regarding alleged prior instances of discrimination and prior complaints of discrimination because the excluded evidence did not involve the decisionmakers for the promotion, and as Lewis

_____

[1]Lewis also argues that the defendants waived their right to challenge the admission of the statements contained in the affidavits by not objecting to the affidavits in their reply brief on summary judgment. It appears that Lewis's brief was part of a draft response to the defendants' motions in limine in district court, and the arguments were not tailored to take into account what took place at the trial. Lewis's waiver argument makes no sense on appeal as the district court considered defendants' objections to the testimony during the trial, and those rulings are the subject of this appeal. Therefore, this argument, as well as any other arguments not tailored to the trial, is not addressed in this opinion.

raised neither a retaliation nor a hostile work environment claim, the evidence was likely to confuse the issues for the jury and unfairly prejudice the defendants. Accordingly, we affirm.

**AFFIRMED.**